482 A.2d 1335

**Herman SNYDER, t/d/b/a Herman Snyder Construction Company,**

**v.**

**Melvina GOLDEN and Stephinia Wells, In her own Right, and as Heir of the Estate of John Wells, Deceased, Appellants.**

Superior Court of Pennsylvania.

Argued June 19, 1984.

Filed Oct. 19, 1984.

James S. Ehrman, Pittsburgh, for appellants.

Seymour A. Sikov, Pittsburgh, for appellee.

Before TAMILIA, JOHNSON and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The instant appeal by the Defendant-Appellant[1] arises following the entry of a judgment by the lower court *en banc*, which dismissed all exceptions filed by the Appellant after a non-jury verdict for the Plaintiff-Appellee. We can discern no error by the lower court in the dismissal of the exceptions filed by the Appellant.

The Appellee, a general contractor, filed this mechanic's lien action against the Appellant, seeking a recovery for renovation work completed at Appellant's premises. The record shows that on or about March 17, 1980, the Appellee entered into an agreement to perform construction work necessary to restore the Appellant's property to a habitable condition after a fire. The Appellant claimed that the Appellee promised to restore the property for a price not to

---

1. At the conclusion of the case, non-suits were entered against the Defendants Stephinia Wells and the Estate of John Wells, without objection from the Plaintiff, or from Melvina Golden, the only Defendant against whom the verdict was entered. The Notice of Appeal filed in our Court indicates an appeal by all of the named Defendants, but it is clear that Melvina Golden is the only Defendant with any interest in the appeal. Hence, we will refer to her as the Appellant, in singular form, throughout this Opinion.

exceed $25,000.00. The Appellee denied that such a maximum was agreed to, and contended that because of difficulty in determining the extent of work to be done, the contract price was to be determined upon the completion of the work. No written contract existed between the parties covering the work in issue. The parties agreed that the Appellant had paid a total of $29,000.00 to the Appellee during the course of the construction. The issue of the amount of the balance due, if any, was the primary issue to be resolved in the case.

The lower court determined that the Appellee was entitled to recover the amount of $27,024.00 plus interest. The Appellant raises five contentions of error, which except as otherwise discussed herein, were properly preserved for appellate review by timely objections and written exceptions in the lower court.

First, the Appellant argues that the lower court erred in finding that an implied contract existed between the parties. The Appellant contends that the terms of discussions between the parties that the building would be restored "to a habitable condition" were too indefinite for the lower court to determine that any implied contract existed. The lower court concluded that despite the fact that some terms were not definite, the parties understood that a significant amount of work was to be done, and that it would be difficult to determine the exact amount to be paid for the work until after it was completed because the fire damage was so extensive. The trial judge determined that the Appellant had agreed to pay for the various extra parts of the project which the Appellee indicated had been the subject of agreement between the parties. It is apparent that the lower court was not convinced that the Appellee agreed to limit the total price for the project to $25,000.00. There was abundant evidence in the record, in the form of testimony and documentary evidence, to support the trial judge's findings in those regards. The trial judge, in his opinion, stated that he credited the testimony of the Plaintiff and his witnesses, who testified that a contract for

the work existed between the parties. It is well-established that a trial judge's findings, in a non-jury case, have the force and affect of a jury's verdict, and will not be disturbed if supported by sufficient evidence. *Bigham v. Wenschorf,* 295 Pa.Super. 146, 441 A.2d 391 (1982). We therefore reject the Appellant's initial claim of error.

■ We next address the Appellant's argument that the lower court erred in computing the amount to be awarded to the Appellee. The Appellant contends that the court relied too heavily in its computations upon a document allegedly listing the work to be performed and the changes for the work. The document had been prepared by an architectural firm following discussions between the Plaintiff, the Defendant's representative, and a representative of an insurance company which insured the Appellant's structure against fire losses.[2] The Appellant also maintains that many of the items of work listed on the document in question were either not completed or only partially completed by the Appellee. In support of this position, the Appellant recites the testimony offered by her witnesses, and argues that they were more believable than the Appellee's witnesses. We will certainly not overrule the credibility determinations made by the lower court judge, who had an opportunity to see and hear the various witnesses, and to assess their truthfulness and reliability. The lower court opinion shows that the trial judge considered the arguments raised by the Appellant, and gave some credit to the Appellant in its award for work which was found to have been incomplete or undone. In doing so, the court considered not only the exhibit in question, but other evidence as well. Moreover, the court specifically found that while some minor problems merited credits to the Appellant, the Appellee had substantially completed all of the work covered by the implied contract to restore the premises to a habitable condition. We have carefully reviewed the record and find that it contains substantial evidence supporting the lower

2. The issue of the admission of that document into evidence is discussed in the next paragraph of this Opinion.

court's computations leading to the amount of the verdict rendered. Accordingly, we reject the Appellant's second claim of error.

■ As noted earlier, the Appellant maintains that the lower court erred in allowing the introduction into evidence of the document listing the various items of work to be performed and the change for each item. This issue has not been properly preserved for appellate review. After the Plaintiff-Appellee testified to establish a foundation for the introduction of the document, it was offered as Plaintiff's Exhibit A by his counsel. The trial judge requested the position of the defense. The Appellant's counsel stated that he was confused by the witness' testimony, but never voiced any objection to the admission of the document. Accordingly, we must consider the issue of the admissibility of the document to have been waived. *Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 322 A.2d 114 (1974).

■ The Appellant's next argument is that the lower court erred in refusing to permit an expert witness to testify for the Appellant concerning his observations of the building in which the work in question was performed. The record shows that the lower court permitted the witness to testify only to those matters which were within the parameters of what had previously been disclosed to the Plaintiff prior to trial, in Defendant's pre-trial statement. In doing so, the court relied upon Allegheny County Local Rule of Civil Procedure 212 VI C(d), which required the Defendant to provide the reports of any expert whose opinion would be offered in evidence at the time of trial. The report is required by the Rule to include the findings and conclusions of the expert. The lower court clearly only precluded the witness from testifying to matters which were not covered in the report provided to Plaintiff's counsel prior to trial. We note that Plaintiff's counsel claimed surprise as to those subjects which had not been covered in the expert's pre-trial statement. We do not find that the lower court committed reversible error in this ruling. Such pretrial rules cannot

be ignored.   Compare *Gill v. McGraw Electric Company,* 264 Pa.Super. 368, 399 A.2d 1095 (1978).   We do not perceive this to be a situation like that presented in *Piekarski v. Club Overlook Estates, Inc.,* 281 Pa.Super. 162, 421 A.2d 1198 (1980), where there was evidence that opposing counsel was aware of the additional matters about which the expert planned to testify, and was prepared to examine him concerning the subject.   Therefore, we find no abuse of the wide discretion afforded a trial judge in our Commonwealth in determining the scope of testimony to be admitted from an expert witness.   See *Flavin v. Aldrich,* 213 Pa.Super. 420, 250 A.2d 185 (1968).

■ The final claim of the Appellant is that the lower court erred in permitting the testimony of a witness for the Appellee, an insurance company claims adjuster, who had visited the Defendant's property after the fire loss to evaluate it for the insurer.   The Appellant claimed the testimony in issue was irrelevant to the issues in dispute.   The record shows that when the witness was called in rebuttal by the Appellee, counsel for the Appellant demanded an offer of proof as to his testimony.   When the offer was made, defense counsel objected to his testimony on grounds other than relevancy.   Such objections were properly overruled by the lower court.   Thereafter, during questioning of the witness by Appellee's counsel, defense counsel objected to only two specific questions on grounds of relevancy, while objecting to several other questions on other grounds.   The particular questions to which relevancy objections were raised were clearly inconsequential in the case.   On the basis of this record, we must hold that the Appellant has failed to properly preserve for appellate review the issue of relevancy as to the totality of the testimony of the witness. In the absence of a proper and timely objection at trial, appellate consideration of such an issue is not appropriate. Thus, we must reject the Appellant's final claim of error.

Affirmed.