reversed. *See Commonwealth v. Gleason,* 785 A.2d 983 (Pa.2001).

Justice EAKIN did not participate in the consideration or decision of this case.

Justice SAYLOR dissents.

Christine BENNYHOFF and Eric Bennyhoff, Appellees

v.

Francis PAPPERT, Jr. and Brooks Armored Car Service, Inc., Appellants.

Superior Court of Pennsylvania.

Argued Sept. 25, 2001.
Filed Dec. 19, 2001.
Reargument Denied Feb. 21, 2002.

COMMONWEALTH of Pennsylvania, Appellee,

v.

Kenneth Earl ROUDYBUSH, Appellant.

Supreme Court of Pennsylvania.

Submitted July 11, 2001.
Decided Feb. 22, 2002.

## ORDER

PER CURIAM.

AND NOW, this 22nd day of February, 2002, the Order of the Superior Court is

Elizabeth C. Bailey, Philadelphia, for appellants.

Rudolph V. DeGeorge, Jenkintown, for appellees.

BEFORE: HUDOCK, STEVENS, and OLSZEWSKI, JJ.

STEVENS, J.:

¶ 1 Francis Pappert, Jr., and Brooks Armored Car Service, Inc., appeal from an October 30, 2000 entry of judgment in favor of Christine and Eric Bennyhoff. We affirm.

¶ 2 This appeal stems from a June 16, 1997 collision between a Brooks armored car driven by Pappert, and a bicycle ridden by Christine Bennyhoff. She testified that the accident occurred as follows: On the morning of June 16, 1997, she was bicycling to her gym at the corner of Broad and Locust Streets in Philadelphia. N.T. 7/19/00 at 192–193, 195. Bennyhoff was travelling in the right hand northbound lane of Broad Street. *Id.* at 198. The light at the intersection of Broad Street and Locust Street was red as Bennyhoff approached it. *Id.* at 201. When the light turned green, she began to pedal her bike into the crosswalk area where pedestrians crossed Locust Street. *Id.* at 207. As she entered the crosswalk area, Bennyhoff felt something hit her left shoulder from behind *Id.* at 210, 213. She remained upright, but was pushed further into the crosswalk area, toward the pedestrians who were crossing Locust Street. *Id.* at 213. As she tried to avoid hitting the pedestrians, she was hit a second time and knocked to the ground, landing on her knees with her arms stretched in front of her. *Id.* at 215–216. The entire incident occurred in a matter of seconds. *Id.* at 221.

¶ 3 The Bennyhoffs filed a complaint against Appellants on January 26, 1999. A jury trial began on June 19, 2000, and on June 21, 2000 the jury found in favor of the Bennyhoffs. On June 27, 2000, the jury's verdict was molded to $2,011,340.00 in favor of Christine Bennyhoff and to $2,000.00 in favor of Eric Bennyhoff, to reflect the jury's conclusion that 67% of the causal negligence was caused by Pappert, 33% by Christine Bennyhoff.

¶ 4 On June 30, 2000, Appellants filed post-trial motions,[1] seeking a new trial on

---

1. Pursuant to Pa.R.C.P. 227.1:

 (a) After trial and upon the written Motion for Post-trial Relief filed by any party, the

all the issues, and/or remittitur, and/or a new trial on the issue of damages. Post-trial motion filed 6/30/00. When the trial court did not dispose of Appellants' post-trial motions within one hundred twenty days, however, the Bennyhoffs praeciped for entry of judgment on the verdict pursuant to Pa.R.C.P. 227.4(1)(b),[2] and on October 30, 2000, judgment was entered. Appellants filed this timely appeal on November 22, 2000, and the trial court issued an opinion on March 1, 2001.

¶ 5 On appeal, Appellants indicate that they seek directed verdict and/or judgment notwithstanding the verdict on the grounds that "the evidence was not sufficient to prove a *prima facie* case of negligence and the resulting verdict was the product of speculation, surmise and conjecture." Appellants' brief at 2. In the alternative, Appellants seek a new trial on the grounds that the verdict was against the weight of the evidence, the trial court failed to instruct the jury on negligence *per se*, and because the trial court made improper evidentiary rulings. *Id.* at 2–3. Appellants also seek remittitur of damages or a new trial on the issue of damages. *Id.* at 3.

¶ 6 Appellants raise the following specific allegations:

1. Was the circumstantial evidence in this case sufficient to prove negligence without resort to prejudice or guess where the evidence showed only that an accident happened but not that the defendant was driving unsafely or that the collision could have been avoided, and where it suggested another cause for the accident other than negligence by the defendant?

2. Did the trial court's refusal to charge the jury on negligence *per se* irreparably undermine Pappert's comparative negligence defense and prevent the jury from making a full and fair comparison of negligence where the evidence showed the plaintiff admitted committing several violations of Motor Vehicle Code provisions and City Ordinances?

3. Whether the trial court abused its discretion, and substantially prejudiced Pappert, by its admission at trial of evidence, individually or in combination, which was speculative, lacking in foundation, confusing and irrelevant, including medical bills, a last-minute handwritten itemization of the plaintiff's lost earnings, and staged photographs of the accident scene which distorted critical conditions at the time of the accident?

4. Was the damages verdict exorbitant under Pennsylvania law where the plaintiff received an amount that was almost one hundred twenty times her out-of-

court may
　(1) order a new trial as to all or any of the issues; or
　(2) direct the entry of judgment in favor of any party; or
　(3) remove a nonsuit; or
　(4) affirm, modify or change the decision or decree nisi; or
　(5) enter any other appropriate order.
(b) post-trial relief may not be granted unless the grounds therefor,
　(1) if then available, were raised in pretrial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and

　(2) are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.
　. . .
Pa.R.C.P. 227.1

**2.** Rule 227.4(1)(b) allows the prothonotary to enter judgment on a verdict upon praecipe of a party if timely post-trial motions are filed but not disposed of by the trial court within one hundred twenty days.

pocket medical expenses and was in the range awarded for catastrophic, permanent injuries, where the injuries here were neither catastrophic not crippling? *Id.* at 5.

¶ 7 Appellants first allege that they are entitled to a directed verdict or judgment notwithstanding the verdict because the evidence presented was insufficient to show negligence on Pappert's part. The Bennyhoffs argue that this claim has been waived. They assert that at trial, Appellants moved for neither a nonsuit nor a directed verdict, and that in their post-trial motions Appellants failed to request judgment notwithstanding the verdict.

█ ¶ 8 Our review of the record shows that during trial, Appellants raised no sufficiency of the evidence argument in the form of a request for a nonsuit or directed verdict.[3] Pursuant to Pa.R.C.P. 230.1(c), a trial court may enter a nonsuit in favor of any or all of defendants, if, at the close of the plaintiff's case against all defendants, the plaintiff has failed to establish a right to relief. "A motion for compulsory nonsuit allows a defendant to test the sufficiency of a plaintiff's evidence." *Harnish*

*v. School District of Philadelphia,* 557 Pa. 160, 163, 732 A.2d 596, 598 (1999). A sufficiency of the evidence claim may also be raised through a motion for a directed verdict. *Lear, Inc. v. Eddy,* 749 A.2d 971 (Pa.Super.2000).

¶ 9 After trial, Appellants filed post-trial motions requesting, *inter alia,* a new trial on the ground that the "verdict of the jury was based on speculation and conjecture." Post-trial motions filed June 30, 2000 at 3. Even if this could be construed as an argument that the evidence was insufficient to prove negligence, Appellants did not raise it prior to the filing of post-trial motions, as we noted above. Rule 227.1(b)(1), *supra,* indicates that post-trial relief may not be granted unless the grounds therefore were raised at trial. Additionally, pursuant to Rule 227.1(b)(2), *supra,* post-trial relief may not be granted unless the motion states how the grounds for relief were asserted at trial. Appellants' post-trial motion does not indicate how the sufficiency of the evidence argument was raised at trial, although, as we discussed previously, it could have been raised in the form of a motion for nonsuit or directed verdict. Finally, if Appellants'

---

**3.** In denying the allegation that they failed to raise a sufficiency of the evidence argument before the trial court, Appellants claim that "[a]fter the close of all the evidence, and before the case went to the jury, Pappert filed a written request with the trial court to direct verdict in his favor." Appellants reply brief at 1. To support this claim Appellants cite to a page of the reproduced record titled "Directed Verdict," which states: "Under the applicable law and all the evidence in this case, I charge you that as a matter of law, your verdict must be in favor of defendants...." Reproduced record page 0718a. This page is preceded by a cover page titled "Proposed Points for Charge of Defendants Francis Pappert, Jr. and Brooks Armored Car Service, Inc," and is followed by points for charge numbered 1 through 70. *Id.* at 0717a, 0719a–1790a. None of the pages appear in the certified record, nor do they contain a

docketing stamp or any other indication that they were made part of the certified record. This Court may only rely on what appears in the certified record, however. *Shearer v. Naftzinger,* 714 A.2d 421, 426, *affirmed by* 560 Pa. 634, 747 A.2d 859 (2000); *Hrinkevich v. Hrinkevich,* 450 Pa.Super. 405, 676 A.2d 237, 240 (1996); *Smith v. Smith,* 431 Pa.Super. 588, 637 A.2d 622, 623–624 (1993); *Kaller's Inc. v. Spencer Roofing, Inc.,* 388 Pa.Super. 361, 565 A.2d 794, 797 n. 5 (1989). In an attempt to discern if a directed verdict based on a sufficiency of the evidence argument was actually requested, we reviewed the trial transcript with care. The transcript contains an apparent discussion of what jury charges would be given, but nowhere after the close of evidence does the transcript, or the record as a whole, contain any evidence that a directed verdict was requested by Appellants. N.T. 6/21/00 at 52–67.

allegation that the verdict was based on speculation and conjecture was meant as an allegation that the evidence was insufficient to support the Bennyhoff's claim, the remedy Appellants should have sought would have been judgment notwithstanding the verdict, not a new trial, as their post-trial motion in fact requested.

¶ 10 For the foregoing reasons, we find Appellant's claim waived.

■ ¶ 11 Appellants next assert that it was error for the trial court to refuse to charge the jury on negligence *per se* where the evidence allegedly showed Christine Bennyhoff committed several violations of Motor Vehicle Code provisions and City Ordinances. Appellants cite to pages 459a and 0771a of the reproduced record to support their allegation that they submitted a proposed jury instruction on negligence *per se,* and that the trial court refused the instruction. Appellants' reply brief at 7. Page 0771a is part of the "Proposed Points for Charge of Defendants Francis Pappert, Jr. and Brooks Armored Car Service, Inc," discussed in footnote 3, *supra,* and contains a proposed charge numbered 52 on negligence *per se.*[4] Reproduced record at 0771a. As we noted above, however, the proposed points for charge do not appear in the certified record, nor do they contain a docketing stamp or any other indication that they were made part of the certified record, and, therefore, we may not consider them.

■ ¶ 12 "It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in this case." *Claudio v. Dean Machine Company Inc.,* 786 A.2d 224, 232 n. 7, 2001 Pa.Super. Lexis 2017, at **15 (2001) (*citing Smith,* 637 A.2d. at 623).

"It is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." *Hrinkevich v. Hrinkevich,* 450 Pa.Super. 405, 676 A.2d 237, 240 (1996) (citation omitted). "Under our Rules of Appellate Procedure, those documents which are not part of the 'official record' forwarded to this Court are considered to be non-existent.... And, these deficiencies may not be remedied by inclusion in a brief in the form of a reproduced record." *D'Ardenne v. Strawbridge & Clothier, Inc.,* 712 A.2d 318, 326 (Pa.Super.1998) (citation omitted), *appeal denied,* 557 Pa. 647, 734 A.2d 394 (1998). "It is well settled that an appellate court may consider only those facts which have been duly certified in the record on appeal." *Albert v. Albert,* 707 A.2d 234, 236 (Pa.Super.1998).

*Claudio,* 786 A.2d at 231, 2001 Pa.Super. Lexis 2017, at **8. *See also Hrinkevich,* 676 A.2d at 240 ("For purposes of appellate review, what is not of record does not exist."); *Shearer,* 714 A.2d at 426.

¶ 13 The only document properly before us that references a request for a negligence *per se* charge is the trial court's March 1, 2001 opinion, which contains the following brief discussion: "Defendants assert that the court erred by rejecting their proposed point for charge relating to negligence per se. The question of plaintiff's negligence was properly one for the jury to determine, and it would have been error to include, rather than to exclude, such a charge." Trial court opinion filed 3/1/00 at 5.

¶ 14 Although Appellants allege that the trial court erred in failing to give a partic-

---

4. Page 459a of the reproduced record is a copy of a page of the trial transcript, contain-

ing the trial court's statement that "52 is out." N.T. 6/21/00 at 61.

ular jury instruction, Appellants failed to ensure that the certified record contains a copy of the instruction. Because the certified record does not contain a copy of the charge allegedly submitted, we are unable to compare the charge Appellants claim they requested to the charge actually given in order to determine if the trial court did, in fact, err. As such, Appellants have waived this claim. *Hrinkevich, supra; Shearer, supra; Smith v. Renaut,* 387 Pa.Super. 299, 564 A.2d 188, 194 n. 4 (1989).

¶ 15 Appellants next claim that the trial court erred in admitting certain photographs into evidence because they were untimely served, prejudicial, and without probative value. Appellants have waived their timeliness claim for failing to raise it before the trial court. *Harman v. Borah,* 562 Pa. 455, 471, 756 A.2d 1116, 1124 (2000) ("It is axiomatic that, in order to preserve an issue for review, litigants must make timely and specific objections during trial....").

¶ 16 Further, with regard to Appellants' argument that the photos were prejudicial and without probative value, we find the claim waived for failing to ensure that the photographs in question were included in the certified record. Again we emphasize that "the Superior Court cannot consider evidence which has not been made a part of the certified record. *See, e.g., Frank v. Frank,* 402 Pa.Super. 458, 587 A.2d 340 (1991) (for purposes of appellate review, that which is not of record does not exist)." *Mele Construction Company v. Crown American Corp.,* 421

Pa.Super. 569, 618 A.2d 956, 960 n. 2 (1992). *See also Commonwealth v. Lassen,* 442 Pa.Super. 298, 659 A.2d 999, 1008 (1995) (In which a panel of this court found waived an assertion that it was error to admit inflammatory and prejudicial photographs, due to the failure to include the photographs in the record.) *Commonwealth v. Proetto,* 771 A.2d 823, 834 (Pa.Super.2001) (In which a panel of this Court found waived a claim that evidence was insufficient to support a charge based the dissemination of an obscene photo, where the appellant failed to ensure that the certified record included the photo.) Here, because we do not have the photos in question, we cannot assess Appellants' allegations.

¶ 17 Appellants next assert that the trial court erred in admitting Christine Bennyhoff's unpaid medical bills into evidence under the rationale of *Scott v. Erie Insurance Group,* 706 A.2d 357 (Pa.Super.1998).[5] The admission or exclusion of evidence is within the sound discretion of the trial court. *Charlton v. Toyota Industrial Equipment,* 714 A.2d 1043, 1046 (Pa.Super.1998) (citation omitted). The trial court's determination will not be disturbed absent an abuse of discretion showing prejudice, bias, ill-will, or misapplication of the law. *Spino v. John S. Tilley Ladder Co.,* 448 Pa.Super. 327, 671 A.2d 726, 734 (1996), *affirmed by* 548 Pa. 286, 696 A.2d 1169 (1997). "The basic requisite for the admissibility of any evidence in a case is that it be competent and relevant." *Charlton,* 714 A.2d at 1046 (citation omitted).

---

5. Appellants indicate that the reproduced record at "R.25a–6a" contains their objection to the admission of the medical bills. Appellants' brief at 33. We assume this is a reference to pages 25a and 26a, which are pages 9 and 10 of the June 19, 2000 trial transcript. No objection appears on either of these pages, but we did find discussion of the medical bills in question beginning on page 7, and an objection to admission of those bills on page 8, on the ground that the bills were payable but for Bennyhoff "going outside of her plan." N.T. 6/19/00 at 7–8.

¶ 18 In the case at hand, Appellants do not dispute the competency or relevancy of the medical bills in question, but instead argue that because the bills were "payable" pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), they may not be introduced into evidence for any reason. Appellants' brief at 33. Section 1722 of the MVFRL states:

§ 1722. Preclusion of recovering required benefits

In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719 (relating to coordination of benefits) shall be precluded from recovering the amount of benefits **paid or payable** under this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719.

75 Pa.C.S.A. § 1722 (emphasis added).

¶ 19 In *Scott, supra,* the appellee was involved in a car accident and his primary care doctor referred him to a physical therapist not accepted by the appellee's health insurer. *Scott,* 706 A.2d at 358. The health insurer refused to pay for the physical therapy, and at arbitration, the appellant auto insurer was held liable for the unpaid bills. *Id.* The appellant auto insurer argued on appeal that it was error for the trial court to hold it liable under the MVFRL for expenses which, it argued, would have been paid or payable by the appellee's health insurer if the appellee had been treated by a provider accepted by the health insurer. *Id.* A panel of this court upheld the trial court, concluding that the arbitrators had found as fact that the physical therapist was not a covered provider, and, therefore, the appellee was not eligible to receive health coverage for the physical therapy treatments he received. *Id.* at 359. Thus, the bills were not "paid or payable," and the MVFRL did not preclude the appellee from recovering the amount of the unpaid bills from the appellant. *Id.*

¶ 20 Here, Appellants have provided no reasonable argument that Christine Bennyhoff's situation differs from the *Scott* appellee's such that we should disregard that case. As such, we find no abuse of discretion on the part of the trial court in admitting the medical bills in question. *Charlton, supra.*

¶ 21 Appellants next assert that it was error for the trial court to admit an itemization of Bennyhoff's lost wages because it had not been produced prior to trial and was unsupported by evidence. Appellees respond that this claim has been waived for Appellants' failure to object to the evidence at trial. Appellees' brief at 30 (*citing Snyder v. Golden,* 334 Pa.Super. 280, 482 A.2d 1335 (1984); *Dudash v. Dudash,* 313 Pa.Super. 547, 460 A.2d 323 (1983)). Appellants claim that the wages were admitted into evidence over their timely objections. Appellants' brief at 34 (*citing* reproduced record pages 282a, 574a, 716a); Appellants' reply brief at 11 (*citing* reproduced record 29a–30a, 574a). An examination of the corresponding pages of trial transcript, however, reveals no objection to the admission of the itemization of lost wages. N.T. 6/19/00 at 13–14, 265; N.T. 6/21/00 at 176.[6] Instead, the

6. Page 716a of the reproduced record, a copy of the itemization, is not part of the certified record.

trial transcript reveals that Appellants' counsel spoke with Appellees' counsel the week before the trial about "putting on evidence about lost earning capacity, lost wages, and her inability to work part-time." N.T. 6/19/00 at 13. The only objection Appellants made was in regard to allowing the jury to review the itemization during deliberations. N.T. 6/21/00 at 176, 178.[7]

¶ 22 Under Pa.R.A.P. 302(a), issues not raised in the lower court are waived and cannot be raised for the first time on appeal. Here, Appellants did not object to the admission of the itemization of Benny-hoff's lost wages, and Appellees correctly assert that the objection is, therefore, waived. Rule 302(a); *Snyder, supra; Dudash, supra.*

 ¶ 23 Appellants lastly assert that they are entitled to a new trial on the issue of damages, or, in the alternative, remittitur, because the verdict is excessive and exorbitant. In its March 1, 2001 opinion, the trial court explained that neither a new trial nor a remittitur was warranted because "[i]n light of the evidence above, including Ms. Bennyhoff's previously active lifestyle, her multiple treatments and surgeries, and her relative youth at the time of the accident, the verdict, while large, is not so excessive as to shock the court." There is sufficient evidence.

¶ 24 In reviewing Appellants' allegations that the evidence does not support the verdict, we note that Appellants ignore the extensive evidence presented concerning the treatment Mrs. Bennyhoff has undergone as the result of her injuries, and the pain and limitation she continues to endure. N.T. 6/19/00 at 222–257. Instead, Appellants glibly paint a picture of a wom-an who merely "fell from a bicycle and scraped her knees." Appellants' brief at 37.

In *Tulewicz v. Southeastern Pennsylvania Transportation Authority*, 529 Pa. 584, 606 A.2d 425 (1991), our Supreme Court articulated the standard for setting aside a verdict as excessive:

> The Court is not warranted in setting aside, reducing, or modifying verdicts for personal injuries unless unfairness, mistake, partiality, prejudice, or corruption is shown, or the damages appear to be grossly exorbitant. The verdict must be clearly and immoderately excessive to justify the granting of a new trial. The amount must not only be greater than that which the court would have awarded, but so excessive as to offend the conscience and judgment of the Court.

*Id.* at 586, 606 A.2d at 426, quoting *Stark v. Lehigh Foundries*, 388 Pa. 1, 23, 130 A.2d 123, 135 (1957).

*Toogood v. Rogal*, 764 A.2d 552, 560 (Pa.Super.2000). *See also Oelschlegel v. Mutual Real Estate Inv. Trust*, 429 Pa.Super. 594, 633 A.2d 181, 182 (1993) ("A new trial will be granted on the basis that a verdict is excessive 'only when the verdict is so contrary to the weight of the evidence that it shocks one's sense of justice and makes a new trial imperative....' ").

¶ 25 We conclude here that the verdict does not shock the court's sense of justice when considering the plaintiff's age, expected work life, and medical testimony on her condition. We cannot, on the basis of the record before this us, find that the trial court erred when it declined to issue a new trial or remittitur.

---

7. Appellants' counsel mentions "previous objections" when objecting to allowing the jury to view the itemization during deliberations, but as we previously noted, Appellants have not directed us to the location of these objections, and our review of the record revealed none.

¶ 26 For the foregoing reasons, we affirm the entry of judgment.

¶ 27 Affirmed.