J-S31008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| K-WOOD, LLC, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERNEST R. BASILE, DONALD E. BASILE AND ROBERT BASILE, | |
| Appellants | No. 1567 MDA 2015 |

Appeal from the Judgment Entered December 8, 2015
In the Court of Common Pleas of Berks County
Civil Division at No(s): 11-6639

BEFORE:  SHOGAN, OTT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 10, 2016**

Ernest R. Basile, Donald E. Basile, and Robert Basile ("Appellants") appeal from the judgment entered in favor of K-Wood, LLC ("K-Wood") following a nonjury trial.  We affirm.

On August 30, 2008, K-Wood submitted a proposal to install a heating, ventilation, and air conditioning ("HVAC") system on property owned by Appellants.  Appellants accepted K-Wood's proposal.  K-Wood installed the HVAC system and billed Appellants through a series of invoices totaling $62,594.64.  Appellants paid K-Wood $45,000, but refused to pay the remaining $17,594.64 balance.

---

[*]  Retired Senior Judge assigned to the Superior Court.

K-Wood filed a mechanics' lien claim against Appellants' property on May 1, 2009, at Berks County Docket No. 09-5273. Amended Complaint, 6/13/11, at Exhibit C. On April 29, 2011, K-Wood filed a complaint, amended on June 13, 2011, initiating its action to obtain a judgment upon the mechanics' lien. Appellants filed an answer and new matter averring that K-Wood did not perform services in a workmanlike manner, specifically alleging that the HVAC system did not function properly. Answer and New Matter, 8/23/11, at ¶ 26. Appellants claimed a set-off against any money due to K-Wood for expenses incurred in diagnosing and repairing the HVAC system. *Id.* at ¶ 27.

A bench trial was held on June 12, 2015, after which the trial court found in favor of K-Wood and entered judgment against Appellants in the amount of $17,594.64. Damages were based upon K-Wood's proposal approved by Appellants and four service invoices prepared by K-Wood. Trial, 6/12/15, at Exhibits 1, 2. Appellants filed post-trial motions which the trial court denied on August 17, 2015.

This appeal followed. Both Appellants and the trial court have complied with Pa.R.A.P. 1925.

Appellants raise two issues on appeal:

[I.] Where an action on a mechanics['] lien seeks damages for labor, materials, and costs born[e] by plaintiff, must evidence beyond a written contract be provided to prove these damages at trial?

[II.] Where a proposal/agreement between a homeowner and contractor does not provide for a specific insulation by contract, but said non-typical insulation is required to cause an HVAC system to work properly, should error by the contractor be taken into account by the trial court when assessing damages?

Appellants' Brief at 4 (full capitalization omitted).

> Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue . . . concerns a question of law, our scope of review is plenary.
>
> The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.

***Stephan v. Waldron Electric Heating & Cooling LLC***, 100 A.3d 660, 664-665 (Pa. Super. 2014) (quoting ***Wyatt, Inc. v. Citizens Bank of Pennsylvania***, 976 A.2d 557, 564 (Pa. Super. 2009) (internal citations omitted)).

Because the issues presented in Appellants' appellate brief differ in varying degrees from those raised in their Rule 1925(b) statement, a discussion of waiver is warranted.[1] ***See*** Pa.R.A.P. 925(b)(4)(vii) ("[i]ssues

---

[1] Appellants' Rule 1925(b) statement enumerates the issues as follows:

*(Footnote Continued Next Page)*

not included in Statement and/or not raised in accordance with the provisions of [1925(b)(4)] are waived.").'' Appellants' first issue assailing the evidence, or lack thereof, relied upon by the trial court in assessing damages is fairly suggested by Appellants' Rule 1925(b) statement; therefore, we will not find waiver on that basis. K-Wood, however, asserts that Appellants have waived this issue by virtue of their failure to move for a nonsuit or directed verdict during or after trial.

The question of whether Appellants have waived their challenge to the evidence "is dependent upon whether the claims contest the sufficiency of the evidence or the weight of the evidence." **Haan v. Wells**, 103 A.3d 60, 66 (Pa. Super. 2014). After the nonjury trial, Appellants filed a motion for post-trial relief requesting the trial court to enter an order granting

*(Footnote Continued)* ————————

1. Whether the Court committed error in awarding damages without specific evidence of labor, materials, and costs born[e] by [K-Wood].

2. Whether the Court committed error in granting judgment in favor of [K-Wood] and awarding damages where the weight of the evidence is against the finding that [K-Wood] ever complied with the agreement in providing [Appellants] with [K-Wood's] obligations thereunder.

3. Whether the Court committed error in granting judgment in favor of [K-Wood] and awarding damages where said judgment is against the weight of all evidence.

Appellants' Pa.R.A.P. 1925(b) Statement, 10/8/15, at 1.

- 4 -

judgment notwithstanding the verdict ("JNOV") or alternatively, a new trial. In relevant part, the motion averred:

> 2. During the trial, [K-Wood] presented no evidence of labor and materials, and the specific costs thereof, which are the sole basis for damages in actions upon mechanics' liens.
>
> 3. [K-Wood] only presented a contract, and the amount [K-Wood] was to receive thereunder, which is the basis for contractual damages, not damages that may be awarded on a mechanics' lien, under Pennsylvania Law.
>
> 4. The verdict is against the weight of the evidence on the issue of [K-Wood's] damages, as [K-Wood] presented no evidence of damage in the form of labor or materials expended on [Appellants].

Appellants' Motion for Post-Trial Relief, 7/13/15, at 1.

Despite the "weight of the evidence" language employed in Appellants' post-trial motion, K-Wood submits that Appellants' challenge to the nature of evidence supporting the entry of judgment is actually a sufficiency challenge. K-Wood further contends that Appellants waived any argument in that respect by failing to raise any purported evidentiary deficiency at trial in the form of an oral or written request for a directed verdict. *See Haan*, 103 A.2d at 67 (sufficiency of evidence claim waived because appellants failed to request either a non-suit or a directed verdict) (citing *Bennyhoff v. Pappert*, 790 A.2d 313, 317 (Pa. Super. 2001)); *see also* Pa.R.C.P. 227.1(b)(1) (a trial court may grant post-trial relief only if the "grounds therefor . . . were raised in pretrial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial."). In contrast, litigants are "not

required to file a motion for a directed verdict to preserve a challenge to the weight of the evidence." ***Hahn***, 103 A.3d at 68.

We need not resolve the nature of Appellants' evidentiary challenge because even if the issue is not waived, argument on its merit is foreclosed by Appellants' stipulation at trial as to the damages claimed by K-Wood. At the outset of the nonjury trial, K-Wood presented, and the trial court accepted, a stipulation that $17,594.64 was the amount in controversy. N.T., 6/12/15, at 3–4; K-Wood's Exhibit 2. Additionally, the trial court found that "[Appellants] did not contest the determination of the amount due at trial." Trial Court Opinion, 10/23/15, at unnumbered 6. Appellants do not challenge this finding. Accordingly, there was no error in the trial court's assessment of damages.

There is no similar ambiguity concerning whether Appellants have waived their second issue that the trial court abused its discretion by "ignor[ing] the plain language non-requirement of specialized insulation, which was essential to whether the HVAC system as installed by K-Wood would operate as planned." Appellants' Brief at 7 (footnote omitted). This argument was not included in Appellants' Rule 1925(b) statement, nor was it fairly suggested by the issues identified in the statement. Accordingly, the issue is waived. ***Majorsky v. Douglas***, 58 A.3d 1250, 1259 (Pa. Super. 2012) (the appellant's failure to include an issue in his 1925(b) statement waives that issue for purposes of appellate review).

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/10/2016