J-S31012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GERALD JONES | |
| Appellant | No. 23 EDA 2021 |

Appeal from the PCRA Order Entered September 10, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0607981-1979

BEFORE: STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 4, 2022**

Appellant Gerald Jones *pro se* appeals from the September 10, 2020 order of the Court of Common Pleas of Philadelphia County ("PCRA court"), which dismissed as untimely his ninth petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46. Upon review, we remand for further proceedings.

The facts and procedural history of this case are undisputed. Briefly, following his December 3, 1977, participation in the firebombing of a house that claimed three innocent lives, Appellant was convicted of three counts of first-degree murder, two counts of arson, and one count each of causing and risking a catastrophe and criminal conspiracy.[1] On April 15, 1981, Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(a), 3301(a), 3302, and 903, respectively.

was sentenced to life in prison. This Court affirmed Appellant's judgment of sentence on November 5, 1986 and Appellant did not file a petition for allowance of appeal.

On January 4, 1990, Appellant filed his first PCRA petition, which was dismissed on January 14, 1992. This Court affirmed the PCRA court's order on February 23, 1993, and our Supreme Court denied allowance of appeal on March 22, 1994. *Commonwealth v. Jones*, 627 A.2d 202 (Pa. Super. 1993) (unpublished memorandum), *appeal denied*, 644 A.2d 733 (Pa. 1994). Appellant filed a second PCRA petition, which was dismissed by the PCRA court on May 29, 1997. This Court again affirmed the PCRA court's order, and our Supreme Court again denied allowance of appeal. *Commonwealth v. Jones*, 718 A.2d 858 (Pa. Super. 1998) (unpublished memorandum), *appeal denied*, 727 A.2d 1118 (Pa. 1998). Thereafter, we dismissed as untimely Appellant's third through eighth PCRA petitions.

On November 15, 2017, less than two months after we affirmed the dismissal of his eighth PCRA petition, Appellant filed the instant – his ninth – PCRA petition, which he amended on December 29, 2017. Following the issuance of a Pa.R.Crim.P. 907 notice, the PCRA court dismissed as untimely Appellant's instant petition for relief on September 10, 2020. On December 4, 2020, Appellant *pro se* filed a notice of appeal.[2] The PCRA court did not

_____

[2] On August 19, 2021, in consideration of Appellant's response to our order to show cause why this appeal should not be quashed as untimely, we discharged the show cause order and referred the issue to the merits panel.

direct Appellant to file a Pa.R.A.P. 1925 statement of errors complained of on appeal.

Before we address the substantive issues raised by Appellant, we must determine the timeliness of the filing of Appellant's notice of appeal. *See Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015) (explaining that the timeliness of an appeal impacts our jurisdiction). Rule 902 requires a notice of appeal to be filed within 30 days after the entry of the order from which the appeal is taken. Pa.R.A.P. 902(a). Appellant's notice of appeal is untimely-filed on its face, having been filed well past this timeframe. In the notice, however, Appellant explained that he initially did not receive the PCRA court's September 10, 2020 order dismissing his petition. According to Appellant, he requested a copy of the September 10 order and he finally received it on December 1, 2020.

Although Rule 105(b) prohibits this Court from enlarging the time for filing a notice of appeal, the comment to that rule clarifies that subsection (b) "is not intended to affect the power of a court to grant relief in the case of fraud or breakdown in the processes of a court." Pa.R.A.P. 105(b); Note to Pa.R.A.P. 105. The record is unclear on whether there was a breakdown in the process of the PCRA court in this case. Our Rules of Criminal Procedure require specific notice of a dismissal of a PCRA petition without a hearing. Pa.R.Crim.P. 907(4) provides:

> When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by ***certified mail, return receipt requested***, of the

> right of appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 907(4) (emphasis added). Pursuant to Rule 114, service shall be prompt and in writing by "sending a copy to an unrepresented party by certified, registered, or first class mail addressed to the party's place of . . . confinement." Pa.R.Crim.P. 114(B)(3)(a)(v).[3]

In this case, the docket reflects that the September 10 order was served on Appellant on September 29, 2020. Indeed, the following notation appears on the docket: *Cert/Rest Return Delivery*. Appellant, however, in his response to our show cause order, claims that his notice of appeal was timely filed. He further claims that the notation on the docket indicates that the mail containing the September 10 order was *returned* to the PCRA court on September 29, 2020. According to Appellant "SCI-Phoenix mailroom – rejected Judge Roman's court order and opinion (dated 9/10/20) on (9/17/20) and mailed back to Judge Roman on (9/20/20)." In support, Appellant attaches an "Inmate's Request To Staff Member" (the "Request"), by which the prison authorities seemingly corroborate his claim.[4] The Request,

---

[3] Combined, Rules 907 and 114 permit the dismissal order to be mailed via first-class mail, but only if a notice of appellate rights and timeframes is sent separately via certified mail, return receipt requested. PCRA courts frequently include the notice within the order, which then triggers the requirement that the combined order and notice be sent via certified mail.

[4] The Request bears the following notation from prison officials: "On 9-17-2020 a letter for you from court of comm [sic] plea trial division post conviction unit was rejected and returned to sender because they did not have a court control number on it."

however, is not part of the certified record and we cannot consider it on appeal. **See Bennyhoff v. Pappert**, 790 A.2d 313, 318 (Pa. Super. 2001) (stating "[i]t is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in [the] case"), **appeal denied**, 823 A.2d 142 (Pa. 2003).

In light of the foregoing, on the record before us a factual question exists as to whether the notice of appeal was timely filed. Appellant claims that he did not receive the September 10 order initially and only received it on December 1, 2020 upon requesting it from the PCRA court. The PCRA court and the Commonwealth fail to address his claim or the merits thereof. As a result, we are compelled to remand this matter to the PCRA court to hold an evidentiary hearing to determine whether Appellant in fact did not receive the September 10 order until December 1, 2020. In the event the PCRA court finds Appellant's claims to be meritorious, it is directed to file a supplemental Rule 1925(a) opinion within thirty (30) days following the conclusion of the evidentiary hearing.

Case remanded for proceedings consistent with this memorandum. Panel jurisdiction retained.