J-S10008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM BOLDEN, | |
| Appellant | No. 3709 EDA 2015 |

Appeal from the PCRA Order Entered November 18, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005958-2008

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED MARCH 08, 2017**

Appellant, William Bolden, appeals *pro se* from the post-conviction court's November 18, 2015 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

Briefly, in March of 2008, Appellant (who was 34 years old at the time) contacted an 11-year-old female victim for the purpose of engaging in sexual acts with her. Appellant was arrested in April of 2008 and charged with unlawful contact with a minor, corruption of minors, indecent assault, interference with custody of children, and related offenses. At the close of his non-jury trial in October of 2009, the court convicted Appellant of unlawful contact with a minor and corruption of minors. The court acquitted him of the remaining offenses. On April 26, 2010, Appellant - who is a repeat sexual offender - was determined to be a sexually violent predator

(SVP), and was sentenced, pursuant to 42 Pa.C.S. § 9718.2(a)(1),[1] to a mandatory term of 25 to 50 years' incarceration for his conviction of unlawful contact with a minor. No further sentence was imposed for his conviction of corruption of minors.

Appellant filed a timely notice of appeal. This Court affirmed his judgment of sentence on August 22, 2011, and on January 12, 2012, our Supreme Court denied his subsequent petition for allowance of appeal. *Commonwealth v. Bolden*, 32 A.3d 839 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 37 A.3d 1193 (Pa. 2012). On January 15,

_____

[1] That sentencing provision states:

**(a) Mandatory sentence.--**

(1) Any person who is convicted in any court of this Commonwealth of an offense set forth in section 9799.14 (relating to sexual offenses and tier system) shall, if at the time of the commission of the current offense the person had previously been convicted of an offense set forth in section 9799.14 or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction, be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon such conviction, the court shall give the person oral and written notice of the penalties under paragraph (2) for a third conviction. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

42 Pa.C.S. § 9718.2(a)(1).

2013, Appellant filed the timely, *pro se* PCRA petition that underlies the present appeal. Counsel was appointed, but he ultimately filed a petition to withdraw and a **Turner/Finley**[2] 'no-merit' letter. On October 8, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Appellant did not file a response and, consequently, on November 18, 2015, the PCRA court issued an order dismissing his petition and granting counsel's petition to withdraw.

Appellant filed a timely, *pro se* notice of appeal. On December 8, 2015, the PCRA court issued an order, which was sent to Appellant by first class mail, directing him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The order notified Appellant that "any issue not properly included in the [s]tatement timely filed and served pursuant to subdivision (b) of the Rule shall be deemed waived." PCRA Court Order, 12/8/15, at 1. Nevertheless, Appellant did not file a Rule 1925(b) statement with the PCRA court. Thus, on June 21, 2016, the court issued a Rule 1925(a) opinion stating that Appellant had waived all of the issues he sought to raise on appeal. **See** PCRA Court Opinion, 6/21/16, at 3-4. Thereafter, on September 1, 2016, Appellant filed an untimely Rule 1925(b) statement with the PCRA court.

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Now, on appeal, Appellant raises 13 issues for our review, the last of which addresses the PCRA court's conclusion that he has waived all of his claims by failing to file a Rule 1925(b) statement. In arguing that we should not deem his issues waived, Appellant states that he did not receive the PCRA court's Rule 1925(b) order until July 14, 2016. **See** Appellant's Brief at 25. However, even accepting that claim as true, Appellant still did not file his Rule 1925(b) statement with the PCRA court until 49 days later, on September 1, 2016. Therefore, even if Appellant had 21 days from the date on which he admits he received the court's Rule 1925(b) order, his Rule 1925(b) statement was still untimely filed.[3]

_____

[3] Moreover, Appellant has failed to establish that he never received the order when it was originally sent, via first class mail, in December of 2015. As "proof" of this fact, Appellant attaches two documents to his brief to this Court: (1) an "SCI Somerset Legal Mail Log" for the date of December 8, 2015; and (2) an "Inmate Date Report" which purportedly shows all mail received by Appellant from February 19th to December 18th of 2015. Preliminarily, we cannot consider these documents, as they are not contained in the certified record. **See Bennyhoff v. Pappert**, 790 A.2d 313, 318 (Pa. Super. 2001) (stating that "[i]t is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in [the] case"). In any event, even if we could consider those two documents, neither definitively proves that Appellant did not receive the court's Rule 1925(b) order. First, the "Legal Mail Log" for December 8, 2015, has two entries, one of which is redacted; thus, we cannot determine whether the redacted entry showed Appellant's receipt of the court's order. Second, the "Inmate Date Report" has an entry showing that Appellant received a document from the Office of Judicial Records on December 14, 2015, which may very well have been the Rule 1925(b) order. Therefore, these documents fail to establish that Appellant did not receive the PCRA court's Rule 1925(b) order in December of 2015.

In sum, Appellant has not convinced us that he should be excused from the well-established, bright-line waiver rule announced in *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (holding that "from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived."). Our Supreme Court has repeatedly reaffirmed *Lord's* holding, and rejected efforts by this Court to create exceptions to the strict waiver principles that apply to Rule 1925(b). *See, e.g.*, *Commonwealth v. Hill*, 16 A.3d 484, 493-94 (Pa. 2011); *Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005); *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2004); *Commonwealth v. Butler*, 812 A.2d 631, 633 (Pa. 2002). Consequently, we agree with the PCRA court that, because Appellant filed an untimely Rule 1925(b) statement, he has waived all but the illegality of sentencing issues (discussed, *infra*) that he seeks to raise herein. *See Commonwealth v. Williams*, 920 A.2d 887, 888 n.3 (Pa. Super. 2007) (noting that generally, all issues are waived when an untimely Rule 1925(b) statement is filed; however, legality of sentencing claims are an exception to the general rule).

Appellant raises five claims in his appellate brief that he characterizes as challenges to the legality of his sentence. Those claims, which we have reordered and paraphrased, include the following:

- 5 -

I. Is Appellant's sentence for unlawful contact with a minor illegal, where Appellant was acquitted of the underlying sexual offense of indecent assault?

II. Is Appellant's sentence illegal where the court failed to place its reasons for imposing Appellant's sentence on the Guideline Sentence Form, as required by 204 Pa.Code. § 303.13(c)?

III. Is Appellant's sentence under 42 Pa.C.S. § 9718.2(a)(1) illegal, where the Commonwealth did not specifically indicate that it intended to seek the imposition of a mandatory sentence under that subpart?

IV. Is Appellant's sentence illegal where there was insufficient evidence to prove that he had a prior conviction triggering application of the mandatory minimum sentence under 42 Pa.C.S. § 9718.2(c)?

V. Is Appellant's mandatory minimum sentence illegal under **Alleyne v. United States**, 133 S.Ct. 2151 (2013), and its progeny?

*See* Appellant's Brief at 3-4.

In Appellant's first issue, he argues that his sentence for unlawful contact is illegal because he was acquitted of the 'predicate offense' of indecent assault. Appellant is essentially challenging the sufficiency of the evidence to sustain his unlawful contact conviction, not the legality of his sentence for that offense. Therefore, Appellant's first issue is waived due to his failure to file a timely Rule 1925(b) statement.

Nevertheless, even if properly preserved, we would conclude that Appellant's argument is patently meritless. Unlawful contact is defined as follows:

**(a) Offense defined.--**A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity

prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:

(1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

18 Pa.C.S. § 6318(a)(1). The Commonwealth alleged that Appellant was contacting the minor victim in this case for the purpose of committing the Chapter 31 offense of indecent assault, 18 Pa.C.S. § 3126. While the trial court found Appellant not guilty of indecent assault, his acquittal for that offense had no bearing on his conviction for unlawful contact with a minor. As our Supreme Court has declared, "the Chapter 31 offenses are not predicate offenses for 18 Pa.C.S. § 6318 [(defining unlawful contact with a minor)]." *Commonwealth v. Reed*, 9 A.3d 1138, 1146 (Pa. 2010).

Thus, … a defendant need *not* be convicted of the substantive offense for which he contacted the minor. Indeed, he need not be separately charged with a Chapter 31 offense. However, when the Commonwealth does charge the defendant with a Chapter 31 offense, an acquittal is relevant for sentencing purposes under subsection 6318(b) [(grading of the unlawful contact offense)].

*Id.* (emphasis in original). In light of *Reed*, Appellant is clearly incorrect that his acquittal for the offense of indecent assault rendered the evidence insufficient to sustain his unlawful contact conviction. Moreover, he does not contend that the court improperly graded his unlawful contact offense for sentencing purposes. Consequently, we would deem Appellant's first issue meritless, even had he preserved it in a timely-filed Rule 1925(b) statement.

In Appellant's second issue, he avers that his sentence is illegal because the court failed to state its reasons for imposing his sentence on the

- 7 -

Guideline Sentence Form, as required by 204 Pa. Code. § 303.13(c). Again, Appellant incorrectly characterizes his argument as implicating the legality of his sentence, while this Court has considered similar claims as challenges to the discretionary aspects of a sentence. *See Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009); *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa. Super. 1999). Therefore, Appellant has waived this sentencing challenge by failing to raise it in a timely-filed Rule 1925(b) statement.

In any event, we note that 204 Pa. Code. § 303.13(c) requires the court to state its reasons for "an aggravated or mitigated sentence … on the record and on the Guideline Sentence Form…." Here, the court imposed a *mandatory* sentence, not an aggravated/mitigated range sentence. Thus, we would conclude that Appellant has not demonstrated that the court violated section 303.13(c), even had he preserved this claim for our review.

In Appellant's next three issues, he presents various arguments challenging the application of the mandatory minimum sentence in his case. "As a general rule, a challenge to the application of a mandatory minimum sentence is a non-waivable challenge to the legality of sentence." *Commonwealth v. Hopkins*, 67 A.3d 817, 821 (Pa. Super. 2013) (internal quotation marks and citation omitted). Thus, Appellant did not waive these claims, despite his untimely-filed Rule 1925(b) statement, and we will address his arguments in turn.

Initially, Appellant asserts that the application of a mandatory minimum sentence was illegal because the Commonwealth only notified him that it was invoking 42 Pa.C.S. § 9718.2 *generally*, and it did not specifically state that it would seek application of the 'second strike' provision of section 9718.2(a)(1). In support of his argument, Appellant cites ***Commonwealth v. Norris***, 819 A.2d 568 (Pa. Super. 2003). However, ***Norris*** actually demonstrates that the Commonwealth's notice was sufficient. Specifically, the ***Norris*** panel concluded that the Commonwealth provided sufficient notice that it was invoking a mandatory minimum sentence under 42 Pa.C.S. § 9714, even though the Commonwealth did not indicate whether it was invoking the 'two strikes' or 'three strikes' provision of that statute. We held that the Commonwealth's general notice was reasonable, and we deemed it "to have encapsulated all relevant provisions of section 9714." ***Id.*** at 574 (citation and internal quotation marks omitted). We further stressed that the 'proof at sentencing' provision of section 9714(d) directed that the applicability of a specific *subpart* "of section 9714 is to be *determined at the time of sentencing*, with the sentencing court having before it the benefit of a complete criminal record and determining, by a preponderance of the evidence, the defendant's previous convictions...." ***Id.*** (emphasis in original).

Here, section 9718.2 has the same 'proof at sentencing' provision as that contained in section 9714(d). Namely, section 9718.2(c) requires the Commonwealth to provide the defendant with "reasonable notice" of its

intent to invoke section 9718.2, and it further states that "[t]he applicability of [that provision] shall be determined at sentencing[,]" where the court "shall have a complete record of the previous convictions of the offender…." 42 Pa.C.S. § 9718.2(c). Therefore, as we held in **Norris**, we conclude that, in this case, the Commonwealth's general notice that it intended to invoke section 9718.2 was reasonable, and it was appropriate for the trial court to determine, at the time of sentencing, what specific provision of that statute applied to Appellant's case.

Appellant's next claim is that his sentence is illegal because the Commonwealth did not present sufficient evidence for the court to conclude, by a preponderance of the evidence, that he had a prior conviction, so as to trigger applicability of section 9718.2(a)(1). The record belies this claim. At the sentencing hearing, the Commonwealth admitted into evidence - without objection by Appellant - the bills of information from two other, unrelated cases in which Appellant was convicted of indecent assault. **See** N.T. Sentencing, 4/26/10, at 35-36. Indecent assault is an offense that constitutes a 'prior conviction' for purposes of section 9718.2(a)(1). **See** 42 Pa.C.S. § 9718.2(a)(1); 42 Pa.C.S. § 9799.14(b)(6). Therefore, the Commonwealth presented sufficient evidence for the court to conclude that section 9718.2(a)(1) applied in this case.

Finally, Appellant contends that his mandatory minimum sentence is illegal in light of **Alleyne**, where the United States Supreme Court held that facts that increase mandatory minimum sentences must be submitted to the

fact-finder and determined beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2163. Again, Appellant's argument is meritless. Because the mandatory minimum sentences set forth in section 9718.2 are premised on the defendant's prior convictions, *Alleyne* does not render section 9718.2 unconstitutional. The *Alleyne* Court explicitly acknowledged that "the fact of a prior conviction" was "a narrow exception" to its holding. *See id.* at 2160 n.1. Additionally, this Court has recognized that *Alleyne* does not invalidate mandatory minimum sentencing statutes that pertain to a defendant's prior convictions. *See Commonwealth v. Watley*, 81 A.3d 108, 117 (Pa. Super. 2013). Thus, 42 Pa.C.S. § 9718.2 is not unconstitutional under *Alleyne*.

Moreover, we also point out that even if section 9718.2 were invalid under *Alleyne*, Appellant would still not be entitled to relief. *Alleyne* was decided on June 17, 2013, over one year after Appellant's judgment of sentence became final on April 11, 2012 (ninety days after our Supreme Court denied his petition for allowance of appeal). *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal, since petitioner had ninety additional days to seek review with the United States Supreme Court). The Pennsylvania Supreme

Court has held that **Alleyne** does not apply retroactively to collateral attacks on mandatory minimum sentences. **Commonwealth v. Washington**, 142 A.3d 810, 819-20 (Pa. 2016).

In sum, Appellant's arguments fail to demonstrate that he is serving an illegal sentence, and the remainder of his claims are waived due to his failure to file a timely Rule 1925(b) statement.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2017