J-S30007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LORENZO HARRIS, | |
| Appellant | No. 782 WDA 2017 |

Appeal from the PCRA Order Entered April 27, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009422-1998

BEFORE:  BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:             **FILED AUGUST 23, 2018**

Appellant, Lorenzo Harris, appeals *pro se* from the post-conviction court's April 27, 2017 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we conclude that we must remand for a hearing regarding the timeliness of this appeal.

On February 16, 2000, a jury convicted Appellant of rape, 18 Pa.C.S. § 3121; terroristic threats, 18 Pa.C.S. § 2706; unlawful restraint, 18 Pa.C.S. § 2902; and possessing an instrument of crime, 18 Pa.C.S. § 907.  The trial court also convicted Appellant of persons not to possess a firearm, 18 Pa.C.S. § 6105.  Appellant's convictions stemmed from his sexual assault of three

_____

[*] Retired Senior Judge assigned to the Superior Court.

female guests at his residence in Pittsburgh on May 4, 1998. On August 7, 2000, Appellant was sentenced to 18½ to 37 years' imprisonment. We affirmed his judgment of sentence on February 17, 2004. **See Commonwealth v. Harris**, 849 A.2d 605 (Pa. Super. 2004) (unpublished memorandum). Appellant did not appeal to our Supreme Court.

On March 2, 2004, Appellant filed his first PCRA petition, which was ultimately denied. He did not appeal. On January 3, 2005, he filed a second petition, which was denied on August 8, 2005. This Court affirmed on appeal, and our Supreme Court denied Appellant's petition for allowance of appeal. **See Commonwealth v. Harris**, 913 A.2d 941 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 921 A.2d 495 (Pa. 2007). Appellant filed a third PCRA petition on May 3, 2007, which the PCRA court denied on December 19, 2007. Appellant did not appeal.

On August 21, 2016, Appellant filed the *pro se* PCRA petition underlying the present appeal. On March 8, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss that petition. Appellant did not respond, and on April 27, 2017, the PCRA court issued an order denying his petition. That order informed Appellant that he had 30 days to file a notice of appeal. Because 30 days from April 27, 2017, was Saturday, May 27, 2017, and Memorial Day was Monday, May 29, 2017, Appellant's notice of appeal was due on Tuesday, May 30, 2017. **See** 1 Pa.C.S. § 1908; **see also** Pa.R.A.P. 903(a) (stating that a notice of appeal must be filed within thirty days after

- 2 -

the order appealed from is entered). Appellant's notice of appeal was time-stamped and docketed on June 1, 2017.

On June 6, 2017, the PCRA court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal by June 30, 2017. Appellant's Rule 1925(b) statement was time-stamped and docketed on July 10, 2017. On November 21, 2017, the PCRA court issued a Rule 1925(a) opinion concluding that Appellant's notice of appeal was untimely and his appeal should be quashed. The PCRA court offered no discussion as to why it denied Appellant's petition.

Now, Appellant sets forth five issues for our review in his "Statement of the Questions Involved" section of his brief. **See** Appellant's Brief at 4 (unnumbered).[1] Before we may address those issues, however, we must examine the timeliness of Appellant's notice of appeal, as it implicates this Court's jurisdiction. **See Commonwealth v. Edrington**, 780 A.2d 721, 725 (Pa. Super. 2001) (citation omitted). As discussed *supra*, Appellant's notice of appeal was due on May 30, 2017, but it was not time-stamped and docketed until June 1, 2017. It is well-established that a *pro se* prisoner's notice of appeal will be deemed 'filed' on the date it is placed in a prison mailbox or deposited with prison authorities for mailing. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997). The *pro se* petitioner "bears the burden of proving that he or she in fact delivered the appeal within the appropriate time

---

[1] Appellant drafted his brief such that each page sets forth two, smaller pages. When referring to page numbers, we count each smaller page individually.

- 3 -

period." *Id.* The *Jones* Court provided examples of what documents could be presented as such proof, including a certificate of mailing, a cash slip from the prison "noting both the deduction from [the prisoner's] account for the mailing to the prothonotary and the date of the mailing," or even "an affidavit attesting to the date of the deposit with the prison officials…." *Id.*

Here, the certified record does not contain the envelope in which Appellant's notice of appeal was mailed, and Appellant did not attach to his notice of appeal any certificate of mailing, cash slip, prison account deduction slip, or affidavit. However, he attached a certificate of service to his notice of appeal that he hand-dated May 23, 2017. We also point out that Appellant attached to his reply brief a copy of a cash slip that is seemingly dated May 17, 2016 (although the date is slightly obscured on the copy). The cash slip states that a deduction was made from Appellant's account to fund his mailing of a notice of appeal. *See* Appellant's Reply Brief at "Exhibit C." Nevertheless, because that cash slip is not contained in the certified record, this Court cannot rely on it to deem Appellant's appeal timely under the prisoner mailbox rule. *See Bennyhoff v. Pappert*, 790 A.2d 313, 318 (Pa. Super. 2001) (stating "[i]t is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in [the] case").

We can, however, remand for the PCRA court to conduct a hearing regarding the disputed fact of when Appellant deposited his notice of appeal with prison authorities for mailing. *See Jones*, 700 A.2d at 426 n.3 ("Where … the facts concerning timeliness are in dispute, a remand for an evidentiary

hearing may be warranted.").[2]   At that hearing, the court shall permit Appellant to present evidence of the date on which he mailed his notice of appeal or gave that document to prison officials for mailing.  The court must then make a factual finding on that issue.

In addition, because we are remanding for a determination in this regard, we also direct the PCRA court to make a factual finding pertaining to the timeliness of Appellant's Rule 1925(b) statement.  As discussed *supra*, Appellant filed that document 10 days after it was due and, therefore, the Commonwealth avers that it was untimely.  Again, Appellant responds by attaching to his reply brief three United States Postal Service certificates of mailing demonstrating that on June 30, 2017, he mailed documents to the PCRA court, the Commonwealth, and the Clerk of Courts of Allegheny County. While we cannot consider those non-record documents, **see Bennyhoff, supra**, we direct the PCRA court to permit Appellant to introduce them (and any other pertinent evidence) at the hearing on remand to demonstrate that his Rule 1925(b) statement was timely-filed under the prisoner mailbox rule. The PCRA court shall then make a factual finding on that issue.  If the court determines that both Appellant's notice of appeal and his Rule 1925(b) statement were timely filed, the court must draft a Rule 1925(a) opinion addressing the merits of the issue(s) presented in Appellant's concise statement.

_____

[2] The Commonwealth candidly recognizes that remand is appropriate if we conclude that such a factual dispute exists.  **See** Commonwealth's Brief at 18.

We direct the PCRA court to conduct the hearing, and issue any opinion it deems necessary, within 60 days of the filing date of this memorandum decision.

Case remanded for further proceedings. Panel jurisdiction retained.