J-S08014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| RICHARD LEWIS, | : | |
| Appellant | : | No. 1311 EDA 2018 |

Appeal from the Judgment of Sentence Entered March 8, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004890-2017

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and STEVENS,  P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED APRIL 29, 2019**

Appellant, Richard Lewis, appeals from the March 8, 2018 judgment of sentence of 2½ to 7 years' incarceration, imposed after he was convicted by a jury of theft by unlawful taking and receiving stolen property.  Appellant seeks to challenge the court's denial of his pretrial motion to suppress evidence.  However, after careful review, we are compelled to quash his appeal.

We need not delve into the facts underlying Appellant's convictions.  We only note that on March 8, 2018, he was convicted of the above-stated offenses and sentenced to the term set forth *supra*.  That same day, Appellant was advised of his post-sentence motion and appeal rights both orally and in

---

[*] Former Justice specially assigned to the Superior Court.

writing. **See** N.T. Sentencing, 3/8/18, at 14-15; Statement of Post-Sentence Rights, 3/8/18. Appellant stated at the close of the sentencing hearing that he wished to file an appeal. **See** N.T. Sentencing at 15.

Thereafter, Appellant did not file any post-sentence motions. Thus, he had until April 9, 2018, to file a timely appeal.[1] On April 23, 2018, a *pro se* notice of appeal filed by Appellant – that he had hand-dated April 10, 2018 – was time-stamped and docketed by the Clerk of Courts of Delaware County. On June 26, 2016, this Court issued a *per curiam* order remanding Appellant's case to the trial court for it to determine if he wished to proceed *pro se* (and, if so, to conduct a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998)), or to appoint him counsel for this appeal. On remand, the court appointed counsel, who entered her appearance on Appellant's behalf on July 12, 2018.

On July 25, 2018, this Court issued another *per curiam* order, directing Appellant to show cause why his appeal should not be quashed as being untimely filed. On August 6, 2018, Appellant filed a response to our rule-to-show-cause order. Therein, he avers that, at the March 8, 2018 sentencing

---

[1] Appellant's notice of appeal was due 30 days after the imposition of his sentence. **See** Pa.R.A.P. 903(a). Because 30 days after March 8, 2018, was Saturday, April 7, 2018, Appellant had until Monday, April 9, 2018, to file a timely notice of appeal. **See** 1 Pa.C.S. § 1908 ("Whenever the last day of any … period [of time referred to in a statute] shall fall on a Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

hearing, his attorney had requested to withdraw from representing him and the court had granted that request. *See* Appellant's Response to Rule to Show Cause Order, 8/6/18, at 1 (unnumbered). Appellant contends that, consequently, he was forced to file his appeal *pro se*, and circumstances out of his control impeded him from doing so. *See id.* at 1-2 (unnumbered). For instance, Appellant claims that he was moved to a different prison and denied access to paper and writing utensils for several weeks following the imposition of his sentence. *Id.* at 2 (unnumbered).

Appellant insists that, nevertheless, "[o]n or before the April 9, 2018[] deadline to file his appeal, [he] delivered his *pro se* [n]otice of [a]ppeal to the prison authorities for mailing to the Court of Common Pleas, [and the] Delaware County Clerk of Court[s]…." *Id.* at 2-3 (unnumbered). According to Appellant, that *pro se* notice of appeal was "received and timely filed on or about April 6, 2018," but it was then "returned for failure to note the docket number on his appeal." *Id.* at 3. In support of this argument, Appellant attaches that ostensibly timely-filed, yet rejected, notice of appeal to his response to our rule-to-show-cause order as "Exhibit D." On that document, there is a crossed-out time-stamp that appears to read April 6, 2018. Appellant further contends that, on April 10, 2018, he re-sent the corrected notice of appeal, which was then time-stamped and entered on the docket on April 23, 2018. Appellant concludes that under these circumstances, we should excuse the untimely filing of his notice of appeal.

Unfortunately for Appellant, the record before us does not support his argument. First, the transcript of the March 8, 2018 sentencing hearing does not contain any request to withdraw by his trial counsel, and nothing in the record indicates that the court allowed counsel to withdraw prior to Appellant's filing his *pro se* notice of appeal on April 23, 2018.

Second, a comparison of the *pro se* notice of appeal at "Exhibit D," and the *pro se* notice of appeal contained in the certified record, indicates that if the Clerk of Courts received – and improperly rejected – Appellant's notice of appeal, it did so on April 16, 2018, not April 6th, as Appellant claims.[2] As mentioned, *supra*, the photocopied notice of appeal at "Exhibit D" bears a crossed-out time-stamp that appears to read April 6, 2018. However, the seemingly identical, *pro se* notice of appeal contained in the certified record and time-stamped April 23, 2018, also bears a crossed-out time-stamp that clearly reads April 16, 2018. Thus, it appears, as the Commonwealth logically argues, that "in [Appellant's] 'Exhibit D[,]' the '1' in 'April 16' is covered by the clerk's 'X' mark[,]" while the "1" is visible in the original copy contained in the certified record. Commonwealth's Brief at 5. This interpretation of the time-stamp on "Exhibit D" is supported by the fact that Appellant hand-dated that *pro se* notice of appeal April 10, 2018.

---

[2] We stress that the Clerk of Courts has no authority to reject a notice of appeal; instead, it must time-stamp and docket such documents, and then inform the filing party of the error(s) so that the party can file an amendment or addendum. *See Commonwealth v. Willis*, 29 A.3d 393, 395-96 (Pa. Super. 2011).

In any event, we can only consider the *pro se* notice of appeal that is contained in the certified record. **See Bennyhoff v. Pappert**, 790 A.2d 313, 318 (Pa. Super. 2001) (stating "[i]t is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in [the] case"). Again, that notice clearly bears two time-stamps - one dated April 16, 2018, which is crossed out, and a second dated April 23, 2018. Thus, the earliest date on which Appellant attempted to file his *pro se* notice of appeal was April 16, 2018, which was untimely. Additionally, the prisoner mailbox rule affords Appellant no relief, as he hand-dated that notice of appeal April 10, 2018, and he provided no proof that he deposited the notice with prison authorities on or before the due date of April 9, 2018. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (explaining that, under the prisoner mailbox rule, an appeal by a *pro se*, incarcerated appellant is "deemed 'filed' on the date that the appellate deposits the appeal with prison authorities and/or places it in the prison mailbox[,]" and "[t]he appellant bears the burden of proving that he or she in fact delivered the appeal within the appropriate time period"). Given this record, we are constrained to conclude that Appellant's *pro se* notice of appeal was untimely filed. Consequently, we lack jurisdiction to review his case. **Commonwealth v. Capaldi**, 112 A.3d

1242, 1244 (Pa. Super. 2015) ("We lack jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues *sua sponte*.").[3]

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/19

---

[3] Appellant's only avenue for relief is to file a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, alleging the ineffectiveness of his trial counsel for not timely filing the appeal that Appellant clearly requested at his sentencing hearing. **See** N.T. Sentencing at 14.