J-S74010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY DAVID A/K/A TYRONE DAVIS | : | |
| | : | No. 2308 EDA 2019 |
| Appellant | : | |

Appeal from the PCRA Order Entered July 12, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1209481-1999

BEFORE: BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JANUARY 31, 2020**

Appellant, Timothy David A/K/A Tyrone Davis, appeals *pro se* from the post-conviction court's July 12, 2019 order dismissing, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On June 9, 2000, a jury convicted Appellant of three counts each of attempted murder and aggravated assault, as well as single counts of possessing an instrument of crime and criminal conspiracy.  These convictions were premised on evidence that Appellant and two cohorts initiated a gun battle on a residential street in Philadelphia, during which three people — including a four-year-old child — were shot.  On October 4, 2000, Appellant

_____

[*] Former Justice specially assigned to the Superior Court.

was sentenced to an aggregate term of 35 to 70 years' incarceration for his convictions. Due to procedural circumstances we need not discuss herein, it was not until November 14, 2005, that we affirmed Appellant's judgment of sentence on direct appeal. *Commonwealth v. Davis*, 890 A.2d 1096 (Pa. Super. 2005) (unpublished memorandum). Our Supreme Court denied his subsequent petition for allowance of appeal on May 9, 2006. *Commonwealth v. Davis*, 989 A.2d 1069 (Pa. 2006).

Over the ensuing years, Appellant filed several PCRA petitions, all of which were denied. On April 26, 2017, he filed the *pro se* petition underlying the present appeal. Therein, he claimed that he had discovered the new fact that his "co-defendant[,] Bruce Wayne Burdine[,] will testify that [Appellant] did no shooting." PCRA Petition, 4/26/17, at 3. Appellant further averred that, "[a] third party investigating on [his] behalf obtained a statement from Mr. … Burdine." *Id.* at 4. Appellant did not attach that statement to his petition, but he claimed that he was "waiting for a copy of Mr. Burdine's affidavit, and [he would] promptly forward it to the court within 60 days of the docketing of this PCRA [petition]." *Id.* at 5. However, Appellant never filed any supplement to his petition containing Mr. Burdine's affidavit.

Nearly two years later, on March 12, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. While Appellant filed a response to the court's Rule 907 notice arguing that Mr. Burdine's affidavit was 'new evidence,' he again failed to attach the affidavit

to his response.  Consequently, on July 12, 2019, the court issued an order dismissing his petition.

Appellant filed a timely, *pro se* notice of appeal.  The court filed a Pa.R.A.P. 1925(a) opinion on August 23, 2019.  Herein, Appellant states a single issue for our review: "Whether the PCRA court erred when denying [Appellant] an evidentiary [hearing], based on an affidavit providing evidence that [Appellant] did not have a gun, nor did [he] plan on shooting anyone." Appellant's Brief at 3.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.  ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007).  We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition.  ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition).  Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, at the time Appellant's petition was filed, section 9545(b)(2) required that any petition attempting to invoke one of these exceptions "be filed within sixty days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[1]

Here, Appellant's judgment of sentence became final on August 7, 2006, ninety days after our Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); ***Commonwealth v. Owens***, 718 A.2d 330, 331 (Pa.

---

[1] A recent amendment to section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). That amendment only applies to claims arising on or after December 24, 2017.

Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Thus, Appellant had until August 7, 2007, to file a timely petition, making his present petition filed in April of 2017 facially untimely. Consequently, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant argues that he meets the after-discovered evidence exception of section 9545(b)(1)(ii) based on the affidavit he received from Mr. Burdine, which he has attached to his appellate brief. In that affidavit, Mr. Burdine states, in pertinent part, that Appellant was not with him during the shooting. He also explains that he did not testify about Appellant's innocence at trial because he "was advised by [his] attorney to remain silent…." Appellant's Brief at Exhibit B (Mr. Burdine's Affidavit). According to Appellant,

> [t]he affidavit by Mr. Burdine establishes newly discovered facts, that if known by [Appellant], and used at trial, … would have undermined the testimony used to convict. Equally important, the affidavit would have given reasonable expectation that the co-defendant's trial counsel impeded Mr. Burdine from testifying at the trial. His testimony exonerates [Appellant] of any criminal intent to murder, assault, or any other criminal act.

Appellant's Brief at 6.

Problematically, Appellant never presented Mr. Burdine's affidavit to the PCRA court. Thus, the affidavit is not part of the certified record, and we may

- 5 -

not consider it in assessing if Appellant has met a timeliness exception. ***See Bennyhoff v. Pappert***, 790 A.2d 313, 318 (Pa. Super. 2001) (stating "[i]t is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in [the] case"). Without the affidavit, we discern no error in the PCRA court's denying Appellant's petition without a hearing.

In any event, even had Appellant provided the PCRA court with the affidavit, we would affirm the court's order denying him relief. The record demonstrates that Mr. Burdine informed police of Appellant's innocence in a statement made *prior to trial*, a fact which Appellant knew and acknowledged in at least *two prior* PCRA petitions. ***See*** PCRA Petition, 5/14/10, at 4 (acknowledging that Mr. Burdine gave an "initial statement in which he stated that [Appellant] was not one of the individuals that was with him during the shooting"); PCRA Petition, 8/20/12, at 5 (recognizing "[Mr.] Burdine['s] initial police statement, stating that [Appellant] was not one of the individuals that was with him during the shooting"). Thus, Mr. Burdine's current affidavit attesting to Appellant's innocence is merely a new source of a previously known fact. ***Commonwealth Marshall***, 947 A.2d 714, 720 (Pa. 2008) ("The focus of the [after-discovered fact] exception is on [the] newly discovered *facts*, not on a newly discovered or newly willing source for previously known facts.") (internal quotation marks omitted; emphasis added).

Moreover, even if the 'new fact' were the affidavit itself (and not the fact(s) set forth therein), Appellant does not explain why he could not have

obtained Mr. Burdine's affidavit earlier. Clearly, Appellant knew, at least as early as 2010, that Mr. Burdine told police that Appellant was innocent. Thus, Appellant must explain why he could not have obtained the affidavit from Mr. Burdine setting forth this exonerating information earlier than 2017. Appellant has failed to meet this burden of establishing due diligence. Thus, we would affirm the order denying his petition on this basis, as well.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/20