J-S02006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC GARCIA | : | |
| | : | |
| Appellant | : | No. 332 EDA 2020 |

Appeal from the PCRA Order Entered December 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008931-2009

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED:  APRIL 16, 2021**

Appellant, Eric Garcia, appeals *pro se* from the post-conviction court's
December 13, 2019 order denying, as untimely, his petition filed under the
Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful
review, we affirm.

The PCRA court provided a detailed summary of the facts and procedural
history of Appellant's case, which we need not reiterate herein.  **See** PCRA
Court Opinion (PCO), 8/17/20, at 1-2.  We only note that on January 9, 2013,
Appellant was convicted, following a non-jury trial, of aggravated assault and
related offenses.  He was sentenced that same day to 3 to 7 years'
incarceration, followed by 3 years' probation.  Appellant did not file a direct
appeal and, thus, his judgment of sentence became final on February 8, 2013.
**See** 42 Pa.C.S. § 9545(b)(3) (directing that a judgment of sentence becomes
final at the conclusion of direct review or the expiration of the time for seeking

the review); Pa.R.A.P. 903(a) (stating that a notice of appeal to the Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken).

On June 8, 2018, Appellant filed the *pro se* PCRA petition underlying his present appeal. Therein, he claimed that: (1) his "right to confrontation under the [S]ixth [A]mendment was violated when statements were used against [him] without some form of cross-examination"; (2) there was "[g]overnment interference" in his case when the prosecutor "improperly influenc[ed the j]udge or sway[ed] the [j]udge with improper evidence"; (3) "[t]rial counsel was ineffective for failing to suppress statements" and for "discouraging [Appellant] from testifying"; and (4) his due process rights were violated by the Commonwealth's "knowing use of false testimony to obtain a conviction…." PCRA Petition, 6/8/18, at 2-4.

PCRA counsel was appointed, but thereafter filed a ***Turner/Finley***[1] 'no-merit' letter and petition to withdraw. On September 26, 2018, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition for the reasons set forth in counsel's no-merit letter. Appellant filed several *pro se* responses to the court's notice, which prompted his PCRA counsel to file a supplemental no-merit letter and petition to withdraw on January 4,

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

2019. Appellant then filed a *pro se* motion to proceed *pro se*, and counsel again supplemented his no-merit letter and petition to withdraw on September 24, 2019. On September 30, 2019, the court issued another Rule 907 notice, and Appellant once again responded *pro se*, claiming that his PCRA counsel had ineffectively represented him. On December 13, 2019, a brief hearing was conducted, at the close of which the court notified Appellant that his counsel was being permitted to withdraw, and that his petition would be dismissed. That same day, the court filed an order dismissing Appellant's petition.

Appellant filed a timely, *pro se* notice of appeal. On February 10, 2020, the court issued an order directing him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days, and notifying Appellant that his failure to comply with the order could result in the waiver of his claims. **See** Order, 2/10/20, at 1 (single page). Appellant did not file a Rule 1925(b) statement.[2] On August 17, 2020, the court filed a Rule 1925(a) opinion, deeming Appellant's issues waived. **See** PCO at 3.

_____

[2] We note that Appellant attaches a Rule 1925(b) statement to his brief that he dated August 27, 2020. Not only is that concise statement clearly untimely, but it also was not filed with the trial court. Therefore, it is not part of the certified record, and we cannot consider it for purposes of this appeal. **See Bennyhoff v. Pappert**, 790 A.2d 313, 318 (Pa. Super. 2001) (stating "[i]t is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in [the] case").

- 3 -

Alternatively, the court concluded Appellant's claims were untimely and/or meritless. **Id.** at 3-7.[3]

Herein, Appellant presents two issues for our review:

1. Did the [PCRA] court err by denying the [PCRA] petition by incorporating the Commonwealth's request to dismiss, as well as the court-appointed attorney's no-merit letters, as its reasons to dismiss without conducting its own independent judicial determination[,] since a [PCRA] petition may not be summarily dismissed when the facts alleged, if proven, would entitle [Appellant] to relief?

2. Did the [PCRA] court err by denying [Appellant's] claim that [he] was denied his constitutional right to a direct appeal, *nunc pro tunc*, based solely on the no-merit letter filed by [Appellant's] court[-]appointed defense attorney, … without conducting its own independent judicial determination and an evidentiary hearing on the matters, since [Appellant's] averments, if true, would entitle him to [a] direct appeal, *nunc pro tunc*?

Appellant's Brief at 5.

Preliminarily, Appellant has waived his issues for our review because he did not file a Rule 1925(b) statement, despite the court's informing him that the failure to do so would result in waiver of his claims. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); **Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**,

_____

[3] We note that the court addressed, and found meritless, two claims raised by Appellant in his *pro se* responses to the court's Rule 907 notices, an illegal sentencing issue, and a claim that Appellant's co-defendant, John Syga, "exonerated Appellant during [Syga's] guilty plea, thereby provid[ing] after-discovered evidence sufficient to warrant an evidentiary hearing." PCO at 3, 5-7.

88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) ("[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation[.] ... [T]herefore, we look first to the language of that order.") (citations omitted).

In any event, even if not waived, we would conclude that Appellant's issues are meritless. To begin, we observe:

> "In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." ***Commonwealth v. Johnson***, … 966 A.2d 523, 532 ([Pa.] 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." ***Id.***

***Commonwealth v. Matias***, 63 A.3d 807, 810 (Pa. Super. 2013).

Here, although not raised in his Statement of the Questions Involved, Appellant first contends that his PCRA counsel was ineffective by seeking to withdraw, rather than filing an amended petition on his behalf. ***See*** Appellant's Brief at 8. He also argues that the PCRA court erred by dismissing his petition for the reasons outlined by counsel in the no-merit letter, rather than conducting its own independent review of the record. ***Id.***

First, in regard to Appellant's attack on PCRA counsel's representation, we stress that,

> [i]t is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's

- 5 -

interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

Presently, PCRA counsel concluded that Appellant's petition was untimely, and that none of his claims satisfied a timeliness exception. The PCRA time limitations implicate the court's jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions be filed within one year of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

In this case, Appellant's judgment of sentence became final on February 8, 2013, and thus, we agree with counsel that his petition filed in 2018 is patently untimely.[4] Consequently, for the PCRA court to have had jurisdiction to review the merits thereof, Appellant was required to prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b). Appellant does not explain how any of the issues he raised before the PCRA court met a timeliness exception. Thus, we would conclude that he has failed to demonstrate that his PCRA counsel erred by seeking to withdraw on the basis that his petition was untimely.

Second, we would also discern no merit to Appellant's claim that the PCRA court erred by dismissing his petition based on counsel's rationale in the no-merit letter. Again, Appellant does not explain how counsel's analysis was

_____

[4] We recognize that, on February 13, 2018, the court revoked Appellant's sentence of probation/parole and resentenced him to a term of 4 years' probation. He did not file a direct appeal and, thus, that judgment of sentence became final on March 15, 2018. However, the issues raised in his *pro se* petition pertain to his underlying convictions, which became final in 2013.

flawed. Moreover, in the PCRA court's Rule 1925(a) opinion, it deemed Appellant's petition untimely, but it then provided an alternative discussion — with citations to the record — of why it would have rejected Appellant's claims on the merits. This record belies Appellant's argument that the PCRA court did not conduct an independent review of the record. Thus, even had Appellant preserved his claims for our review, we would conclude that no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/21