J-S31008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GENESIS J. MATOS-RAMIREZ | : | |
| | : | |
| Appellant | : | No. 786 EDA 2023 |

Appeal from the PCRA Order Entered February 17, 2023
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0002157-2015

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 15, 2023**

Appellant, Genesis J. Matos-Ramirez, appeals *pro se* from the order entered on February 17, 2023 in the Criminal Division of the Court of Common Pleas of Northampton County that dismissed, as untimely, Appellant's latest serial petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The Commonwealth charged Appellant with attempted homicide, and related offenses, after she stabbed three neighborhood women during a fight.[1] On November 4, 2015, the trial court sentenced Appellant to serve 17½ to 40

_____

[1] Appellant's failure to supply this Court with a certified record has severely hampered our ability to prepare a thorough and verified recitation of the facts and to undertake meaningful appellate review.  It is the responsibility of the appellant to provide a complete record to the appellate court on appeal.  ***See McNeal v. Eaton Corp.***, 806 A.2d 899 (Pa. Super. 2002).  Where defects in the record impede review of an appellant's claim, the claim is subject to waiver.  ***See Bennyhoff v. Pappert***, 790 A.2d 313, 318 (Pa. Super. 2001).

years' incarceration pursuant to a negotiated plea agreement. Appellant did not file a direct appeal. Instead, Appellant filed a timely PCRA petition on August 15, 2016. Counsel was appointed but, ultimately, counsel filed a **Turner/Finley**[2] no merit letter. Following a review of Appellant's claims, the PCRA court dismissed Appellant's petition. Appellant did not appeal the dismissal order.

Appellant filed her second petition for collateral relief on May 14, 2018. Again, the court appointed counsel to represent Appellant. Counsel advised the court that Appellant's claims either lacked merit or were previously litigated. The PCRA court dismissed Appellant's second petition on July 18, 2018. Again, Appellant did not appeal.

Appellant continued to file requests for collateral relief. All were untimely and none alleged an exception to the PCRA's jurisdictional timeliness requirement. Appellant filed the instant petition on November 18, 2022. The current petition consisted solely of a letter asking the court to "waive guilty plea" and order a new trial. The letter also noted alleged inconsistencies in the evidence showing that Appellant stabbed all three victims but did not allege an exception to the PCRA's time bar.

On January 5, 2023, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing. Appellant responded to the court's

_____

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

- 2 -

notice on January 26, 2023. Thereafter, the PCRA court dismissed Appellant's petition on February 17, 2023. This timely appeal followed.

Appellant's brief raises several claims for our review.

[Did Appellant file a timely petition for collateral relief]?

[Was the evidence sufficient] to sustain [the Commonwealth's] burden of proof for conviction?

Did the trial court abuse its discretion when it accepted Appellant's guilty plea?

Did Appellant receive ineffective assistance of counsel during her [guilty plea] proceedings?

Appellant's Brief at 4 (re-ordered).

We first consider whether Appellant's November 18, 2022 petition was subject to dismissal as untimely and without exception to the PCRA's jurisdictional time bar. Our standard of review regarding an order dismissing a petition under the PCRA requires us to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time limitation for filing the petition, set forth at 42 Pa.C.S.A.

- 3 -

§§ 9545(b)(1)(i)-(iii), is met.  The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or,
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).  A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claims could have been presented. 42 Pa.C.S.A. § 9545(b)(2).  Claimed exceptions to the PCRA's time restrictions must be included in the petition and may not be raised for the first time on appeal.  ***Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016).

Appellant's judgment of sentence became final on or around December 4, 2015, or 30 days after the trial court originally imposed its sentence on November 4, 2015.[3]  ***See*** 42 Pa.C.S.A. §§ 9545(b)(3) (for purposes of the PCRA, "a judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review").  Thus, for purposes of the

---

[3] Appellant did not file a direct appeal.

- 4 -

PCRA's time bar, Appellant needed to file her PCRA petition by December 4, 2016. Appellant filed her current petition on November 18, 2022. Thus, the petition is patently untimely, unless Appellant satisfied her burden of pleading and proving that one of the enumerated exceptions applies.

Appellant neither plead nor proved a timeliness exception. Within her letter submission to the PCRA court, Appellant simply asked the court to set aside her guilty plea and order a new trial. As grounds for relief, Appellant cited alleged uncertainties about her role in stabbing the victims; she omitted any allegation that would support the application of an exception to the PCRA's one-year time bar. Without an averment purporting to establish jurisdiction to entertain claims for collateral relief outside the PCRA's one-year time limit, the PCRA court had no choice but to summarily dismiss Appellant's most recent serial petition.

In her brief to this Court, Appellant offers two arguments to support jurisdiction over her claims for collateral relief. First, she maintains that SCI-Muncy created an impediment to a timely filing when the facility failed to provide Appellant the materials and assistance needed to challenge her convictions earlier. *See* Appellant's Brief at 32. Second, Appellant claims that she received information from one of the victims which suggested that she was not responsible for violence directed toward the other two victims. *See id.*

These contentions merit no relief. As a preliminary matter, Appellant raises them for the first time on appeal; hence, they are waived. ***See*** Pa.R.A.P. 302(a) (matters raised for the first time on appeal are waived). Second, neither claim is supported by sufficient factual detail, citation to pertinent legal authority, and references to a certified record. Therefore, both claims are woefully underdeveloped and subject to waiver for this independent reason. ***Commonwealth v. Deible***, 300 A.3d 1025, 1035 (Pa. Super. 2023) (generalized assertions and insufficient legal support compel waiver of claim).

Finally, neither claim possesses substantive merit under Section 9545(b)(1). Appellant's claim that unidentified officials at SCI-Muncy failed, in unspecified ways, to assist her with filings before the PCRA court overlooks the fact that Appellant received the benefit of counsel on her first two petitions for collateral relief. Stated differently, Appellant has not alleged, much less demonstrated, that the failure to raise her current claims earlier resulted from "interference" by officials at SCI-Muncy who acted in violation of the laws of Pennsylvania or the United States. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i). Appellant's claim based on newly obtained information from one of her victims is also fatally flawed. There can be little doubt that Appellant, at the time of the fight with her neighbors, was keenly aware of her own role in the altercation, *i.e.* who she attacked and who she did not. Pennsylvania courts have said repeatedly that previously known information derived from new sources does not trigger the timeliness exception set forth at Section

9545(b)(1)(ii). ***See e.g., Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (focus of new facts timeliness exception "is on [] **newly** discovered **facts**, not on a newly discovered or **newly willing source** for previously **known** facts") (emphasis in original). For each of these reasons, we discern no basis to disturb the PCRA court's denial of post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/15/2023</u>